## MELINDA KNIGHT v. REUBEN KNIGHT.—Opposition of J. E. SUTTON.

*The copy of a sale under private signature, introduced in evidence for the purpose of proving its registry, has no effect without the original.*

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

    *A. T. Steele*, for opponent and appellant.     *J. S. Whitaker*, for appellees.

VOORHIES, J. *James E. Sutton* claims the ownership of a slave named *Louisa*, seized and advertised to be sold by the Sheriff of the parish of Orleans as the property of the defendant. He alleges that he acquired a *bona fide* title to her by act under private signature, dated the — of November, 1854. He therefore prays that she be decreed to be his property. On a supplemental petition filed by him, the sale was enjoined.

The plaintiff pleaded a general denial, and prayed for a dissolution of the injunction, with damages and costs.

A supplemental petition was subsequently filed by the opponent, but there appears to be no issue joined on it, and hence it cannot be taken into consideration.

The case being considered solely with reference to the issue thus presented, the question which then arises is whether the proof is sufficient to maintain the action. We think not. The evidence shows that on the 11th of June, 1852, *Reuben Knight* sold and conveyed by authentic act the slave *Louisa* to *Albert G. Bailey*, under whom the opponent claims to hold his title. On the trial below, the opponent introduced the copy of an act under private signature from *Bailey* to him, for the purpose, as stated in the note of evidence, of proving its

registry in the conveyance office, certified as follows: "I, Register of Conveyances, certify the foregoing to be a true copy of the inscription made in my office, on the seventeenth of January, 1855, in Book No. 64, folio 578."

It is evident that this document was entitled to no effect without the production of the original. The opponent then offered a document purporting to be a duplicate of the original made out by *Bailey* himself since the institution of the present suit, which was rejected, and forms the subject of a bill of exceptions. Were we to concede its admissibility, we do not think it would be entitled to any effect against the plaintiff.

On the other hand, it is shown that the slave *Louisa* was sold by *Bailey* to *Mrs. Pryor* on the 7th of February, 1853. On the 17th of June, 1854, *Sutton* obtained a judgment against *Bailey* for the sum of $800. A writ of *fieri facias* thereon was returned as follows:

"Received *November* 7th, 1854, and on the same day I seized a negro woman named *Louisa*, which slave was claimed by *Reuben Knight* as his property, and upon his presenting his title to the Sheriff for said negro woman, she was released from seizure. No property found after due demand made of both parties. *Returned 4th Monday of December*, 1854."

The alleged recorded *sous seing privé* sale from *Bailey* to *Sutton* purports to have been made on the 18*th of November*, 1854. It is, therefore, perfectly clear that *Sutton* could not then be considered as the owner of the slave in question, thus seized under his execution as the property of his debtor. The testimony of the Deputy Sheriff, who made and released the seizure, shows that *Sutton* did not complain of it. It is moreover shown, that *Edward Parmely* held the slave *Louisa*, as lessee of *Reuben Knight*, from January to the 15th or 20th of March, 1854. *Knight's* possession in 1854 is also abundantly proved by other witnesses.

Judgment affirmed.